CAROLYN D. LE FEVER, Appellant, v. HARRY LE FEVER, Respondent.

MEMORANDUM BY THE COURT. We think that there are limited issues at least with respect to the construction of the agreement which may be determined by this court without necessity of applying to the Nevada court to alter its decree. Accordingly, we affirm the order denying the motion for summary judgment.

PECK, P. J. (dissenting). This is an action for accrued and unpaid alimony due under a judgment of divorce rendered in the State of Nevada in 1949. The decree provides for payment to the wife of the sum of $100 per month for the maintenance and support of the "wife and the children", except that such payments were not to be made during the months of July and August of each year when the husband was to have custody of the children.

In May, 1950, defendant obtained custody of the children through a habeas corpus proceeding and has since failed and refused to pay anything for the support of the wife. In his answer to the complaint in the present action, he pleads as a complete defense his interpretation of the divorce decree, which is that the provisions for support therein contained were intended for the children alone, and that inasmuch as he has supported the children since May, 1950, he has discharged his obligations under the decree.

Plaintiff has moved for summary judgment. Defendant opposes on the basis of his interpretation of the decree, plus the argument that there is an ambiguity in the decree which he should be permitted to clarify through parol evidence at the trial, although he does not suggest, as I think he was obliged to do if he sought to raise a triable issue, what the parol evidence would be.

In denying the motion for summary judgment, the court at Special Term suggested that there may be a question of a *pro tanto* compliance with the decree which is a triable issue. Defendant seems to eschew this idea, however, and to resist any responsibility for the wife's support, by contending that the decree is not actionable because it makes no apportionment of the amount awarded between the wife and children.

There might be a question of some *pro tanto* compliance with a decree which the court here could consider if that issue were raised, and there might even be some question of ambiguity in a foreign decree which our courts might properly undertake to resolve as a matter of construction in an enforcement proceeding. Defendant here, however, gives no indication of the parol evidence which might be submitted to resolve any ambiguity, but has elected in his answer and brief on this appeal to stand on the proposition of a complete freedom from responsibility for the wife's support. This position is indefensible on the face of the decree and contrary to its clear wording that the support provisions are for the benefit of the wife as well as the children.

What defendant is really seeking, and necessarily must seek to carry out his desires, is a reformation of the decree. This cannot be done by the courts of this State. Accordingly, I dissent and vote to grant the motion for summary judgment.

Glennon, Dore, Cohn and Callahan, JJ., concur in Memorandum by the Court; Peck, P. J., dissents and votes to reverse and grant the motion for summary judgment, in opinion.

Order affirmed. We think that there are limited issues at least with respect to the construction of the agreement which may be determined by this court without necessity of applying to the Nevada court to alter its decree.